### JOHNSON v. DOUGLASS, *Appellant.*

1. **Landlord and Tenant**: NOTICE: COMPUTATION OF TIME. Section 3076, Revised Statutes 1879, requires the landlord to give the tenant ten days' notice before instituting the proceedings for possession therein authorized. *Held*, that a notice given on the 18th will not support an action commenced under this statute on the 28th day of the same month.

2. ———: TENDER OF RENT. Tender of all rent due and payment of costs will entitle a tenant to judgment in an action brought against him by his landlord for possession under section 3098, Revised Statutes 1879.

3. ———: ESTOPPEL. A landlord was entitled by the terms of his lease to exact a forfeiture in case of default in payment of the rent for thirty days. When the rent became due the landlord demanded payment and the tenant said he would credit the amount on a note he held against the landlord, to which the landlord made no reply. *Held*, that under these circumstances he could not, after a lapse of thirty days, insist upon a forfeiture. If he did not intend to agree to the tenant's proposition, it was his duty to say so at the time.

*Appeal from Pike Circuit Court.*—HON. G. PORTER, Judge.

REVERSED.

*Ed. T. Smith* and *I. C. Dempsey* for appellant.

*Enoch Pepper* for respondent.

HENRY, J.—This is an action of forcible detainer to recover possession of a house in Clarksville, and damages for detention.

Plaintiff leased the premises to defendant for one year from the 18th day of April, 1877, at $300 per annum, payable quarterly, with a stipulation in the lease, that if defendant made default in payment of any installment of rents for thirty days after it became due, he should quit and surrender to plaintiff peaceable possession of the premises, and it was further agreed that defendant should not, without the written consent of plaintiff, sub-let the premises or any portion thereof. Plaintiff alleged that default was made in payment of the first quarter's rent, and Tucker & Tripp, who occupied a portion of the house under plaintiff when the lease was executed, continued in possession thereof after the defendant entered under the lease, with the verbal consent of plaintiff, as defendant's evidence tended to establish, but without such or any consent as the evidence for plaintiff tended to prove.

On the 18th day of August, 1877, plaintiff served a written notice on defendant to quit possession on the 28th day of August, alleging, as a ground for the demand, that defendant had sub-let the premises. On the 28th day of August, 1877, he served another notice on defendant to quit the premises, and on the same day instituted this suit before a justice of the peace. In his statement filed with the justice he claimed $216.65 damages.

A trial before the justice resulted in a judgment for plaintiff, from which defendant appealed to the circuit court, where, on a trial, there was a verdict for plaintiff for $230.68 damages, and a finding of the monthly rents to be $25. There was a judgment accordingly and for possession, from which defendant has appealed.

On the trial the lease, as alleged by plaintiff, was proved; also that he demanded the rents for the first quarter when it became due, and that defendant then said he

would credit a note he held against plaintiff with the amount of rent due, to which plaintiff made no reply. After the commencement of the suit, and before a trial in the justice's court, defendant paid all costs which had then accrued in the cause, and tendered to plaintiff all rent due, which he refused to accept.

The statement filed before the justice contained two counts, one upon the failure to pay rent, and the other upon the alleged sub-letting. The first count is based upon section 3098, Revised Statutes 1879, (section 33, Wagner's Statutes, page 882,) which provides that whenever any rent has become due, and payment has been demanded, and not made, the landlord may sue in a justice's court for possession of the premises ; and the second upon section 3076, Revised Statutes 1879, which gives the action to any landlord whose tenant shall assign his term or interest, or any part thereof.

No demand or notice is necessary under section 3098, while ten days notice to quit possession is necessary in pro-

1. LANDLORD AND TENANT: notice: computation of time. ceeding under section 3076. The suit for possession on account of the sub-letting, is not maintainable, because the required notice was not given. It was served on the 18th, and the suit was commenced on the 28th day of August. "The time within which an act is to be done, shall be computed by excluding the first and including the last day." Wag. Stat., p. 888, § 6.

The tender made, if made, was sufficient to defeat the

2. ———: tender of rent. action for non-payment of rent. R. S. 1879, § 3100.

The fourth instruction asked by defendant should have been given, to the effect that if, when plaintiff demanded

3. ———: estoppel. the rent, defendant said he would credit it on a note he held against plaintiff, plaintiff made no objection, and did not at any time thereafter claim a forfeiture, or demand possession, because of a failure to pay rent, he should be deemed to have waived the forfeiture. The ne-

cessity for giving this was not obviated by the third instruction given for plaintiff to the effect that the offer by defendant was no offer to pay rent, unless agreed to by plaintiff. The instruction refused asked more, and defendant was entitled to it. Plaintiff's conduct must be construed either as an acquiescence in defendant's offer, or a waiver of his demand for rent. It would certainly be inequitable to permit him by his silence then, and his subsequent conduct to create the impression on defendant's mind that he consented to the credit of the rent on the note, and then exact a forfeiture of the lease for a refusal to pay the rent. If he did not intend to agree to the proposition, it was his duty to say so. He had the right to refuse it because his note was not due, but he had no right to induce defendant by his conduct to think that he agreed to the proposition, and then exact a forfeiture because he did not agree to it in express terms.

The lease commenced April 18th, 1877, and defendant quit possession of the premises on the 12th day of January, 1878, having occupied them eight months, twenty-five days. Plaintiff claimed $216.65 damages, and was allowed by the verdict and judgment $230.68. How the jury arrived at this result is not perceived. It was more damage than the plaintiff claimed or proved, and more rent than was due by the stipulations of the lease or the monthly values of the rent as found by the jury.

The judgment is reversed and the cause remanded. All concur.