CARRIE STOVER ET AL. V. THOMAS A. HAZELBAKER.

FILED OCTOBER 17, 1894.   No. 5002.

1. **Forcible Entry and Detainer:** FINDING OF FACT. The only finding of fact that can be lawfully made in the trial of a forcible detainer case is whether or not the defendant therein is guilty of forcibly detaining the premises.

2. ———: JUDGMENT. The only judgment that can be pronounced in such a case is that the plaintiff have restitution of the premises sued for, or that the plaintiff's action be dismissed and that the defendant go hence without day.

3. **Landlord and Tenant:** FORFEITURE OF LEASE: WAIVER BY ACCEPTANCE OF RENT. The acceptance of rent, by a landlord from his tenant, which falls due after the forfeiture of the lease, declared by the landlord for the non-payment of an installment of rent by the tenant, operates as a waiver by the landlord of his right to insist upon a forfeiture of the lease because of the tenant's default.

4. ———: FORCIBLE ENTRY AND DETENTION. A landlord brought before a justice of the peace a forcible detainer suit against his tenant to recover the leased premises. The basis of the action was that the tenant had failed to pay the installment of rent due by the terms of the lease on April 5, 1890. The landlord had judgment of restitution, and the tenant appealed to the district court. Pending the appeal, the monthly installments of rent due subsequent to April 5, 1890, by the terms of the lease, were paid by the tenant and accepted by the landlord. The appellate court found the defendant guilty. *Held*, Error.

ERROR from the district court of Clay county. Tried below before MORRIS, J.

The opinion contains a statement of the case.

*S. W. Christy*, for plaintiffs in error:

The acceptance of rent on a lease is a waiver of all defaults then existing. (*Collins v. Hasbrauck*, 15 Am. Rep. [N. Y.], 412; *Hornbrooks v. Lucas*, 49 Am. Rep. [W.

Va.], 277; *Wolffe v. Wolffe*, 44 Am. Rep. [Ala.], 526; *Paulman v. Chenny*, 18 Neb., 394; *Izard v. Kimmell*, 26 Neb., 51; *Schneider v. Lord*, 28 N. W. Rep. [Mich.], 773; *Gluck v. Elkan*, 30 N. W. Rep. [Minn.], 446.)

*William M. Clark, contra.*

Defendant in error did not file a brief.

RAGAN, C.

Thomas A. Hazelbaker leased to Carrie Stover a hotel in the village of Edgar, in Clay county, Nebraska. The lease was in writing, and by its terms Mrs. Stover was to occupy the premises from the 5th of March, 1890, to the 5th day of March, 1891, paying Hazelbaker as rent $50 on the 5th day of March, 1890, and a like sum on the 5th day of each month thereafter. When the rent fell due on the 5th of April, 1890, Mrs. Stover tendered in payment thereof to Hazelbaker a past due note she held against him, on which there was due as much as the rent amounted to. Hazelbaker refused to accept this note in payment of the rent due on April 5, 1890, and on the 19th of the same month brought a suit before a justice of the peace in forcible detainer against Mrs. Stover, alleging as ground for such suit her failure to pay the rent due April 5, 1890. From the judgment rendered by the justice of the peace an appeal was prosecuted to the district court, where the case was tried and a judgment rendered on the 29th day of May, 1891.

The installment of rent which was due to Hazelbaker by the terms of the lease on the 5th day of May, 1890, was on that date paid by Mrs. Stover to Hazelbaker, and accepted by him as rent from May 5 to June 5, 1890. All other installments of rent that matured after the 5th of May, 1890, by the terms of the lease, were promptly paid when due by Mrs. Stover and accepted by Hazelbaker in payment and discharge of the rent of the leased premises

up to and including the payment that fell due on March 5, 1891. These facts appearing on the trial had in the district court, the judge of that court, to whom the case was tried without the intervention of a jury, made the following finding: "That the defendant in this case * * * has not paid rent on the premises herein for the month beginning April 5, 1890, and ending May 5, 1890, and that the same was demanded; and court finds the defendant guilty. The court further finds that for each succeeding month since May, 5, 1890, the rent for the said premises has been paid by defendant and accepted by plaintiff. The court further finds that the plaintiff is entitled to a judgment against the defendant * * * for the sum of $50, the accrued rent for the month beginning April 5, 1890, and ending May 5, 1890, and interest thereon at the rate of seven per cent per annum from April 5, 1890." And thereupon the district court pronounced the following judgment: "It is therefore considered and adjudged by the court that the plaintiff * * * have and recover from the defendant * * * the sum of $53.85, and costs of this action." To reverse this judgment Mrs. Stover has prosecuted a petition in error to this court.

1. We do not see how it is possible to sustain this judgment. The only finding of fact that can be lawfully made in the trial of a forcible detainer case is whether or not the defendant therein is guilty of forcibly detaining the premises, and the only judgment that can be pronounced in such case is that the plaintiff have restitution of the premises sued for, or that the plaintiff's action be dismissed and that the defendant go hence without day. In the case at bar the right of Hazelbaker to recover from Mrs. Stover the rent for the premises from April 5, 1890, to May 5, 1890, or the right of Mrs. Stover to set-off against said rent the note she held against Hazelbaker, were not in issue. This was not a suit by Hazelbaker to recover rent for the premises.

2. But we are of opinion that the finding made by the district court, that Mrs. Stover was guilty of forcibly detaining the premises sued for, because the rent which matured on April 5, 1890, had not been paid, is contrary to the law of the case. The acceptance by Hazelbaker of the installment of rent which matured after the failure of Mrs. Stover to pay the installment which fell due on April 5, 1890, was a waiver by Hazelbaker of his right to insist on a forfeiture of the lease by reason of Mrs. Stover's failing to pay the rent from April 5 to May 5, 1890. The acceptance of rent by a landlord from his tenant, falling due after a forfeiture declared by the landlord for non-payment of an installment of rent, operates as a waiver of the breach complained of. (2 Taylor, Landlord & Tenant, sec. 497.) *Gomber v. Hackett,* 6 Wis., 323, is a case very much like the one at bar. The action was forcible detainer brought before a justice of the peace. The basis of the action was that the lessee, contrary to the terms of the lease, had cut some timber on the leased premises. The case was tried before a justice of the peace, and a judgment rendered in favor of the landlord. An appeal was then taken to the county court, and on a trial there the lessee proved that since the cutting of the timber by him he had paid to the landlord a year's rent of the leased premises, which by the terms of the lease became due subsequent to the time that he had cut the timber, which act was made the basis of the forcible detainer suit. The county court, however, decided that the acceptance of this rent by the landlord was not a defense, and a judgment of restitution was again rendered in favor of the landlord. The tenant then took the case on error to the supreme court of Wisconsin. Cole, justice, delivering the opinion of that court, said : " By this act [the acceptance of rent by the landlord from the tenant which accrued by the terms of the lease after the cutting of timber by the tenant] the landlord recognized the lease as a subsisting, operative con-

tract; and he ought not, therefore, to be permitted further to insist upon the forfeiture, if there had been one. It was optional with him to consider the estate forfeited for condition broken, and proceed to recover possession, or to waive the forfeiture and consider the lease valid. He has made his election and must abide by it. It would be very inequitable and unjust to permit the landlord to recover possession of the premises when he had already received from his tenant the rent for the use of the same to March, 1858;" and the judgment of the district court was reversed. To the same effect see *Watson v. Fletcher*, 49 Ill., 498; *Garnhart v. Finney*, 40 Mo., 449; *Lewis v. City of St. Louis*, 69 Mo., 595; *Johnson v. Douglass*, 73 Mo., 168. In the case at bar, if Mrs. Stover failed to pay the rent due by the terms of the lease on April 5, 1890, Hazelbaker then had the option of declaring the lease at an end and retaking possession of the leased premises; but having accepted the rent due him by the terms of the lease which matured on the 5th of the months of May, June, July, etc., he thereby estopped himself from insisting on a forfeiture of the lease for the failure of his tenant to pay rent from April 5 to May 5. The judgment of the district court is

REVERSED.