CASE 86.—FORCIBLE DETAINER PROCEEDING BY MARY L.
ROSE AGAINST R. R. RICH.—February 21.

# Rich v. Rose

Appeal from Kenton Circuit Court.

W. McD. SHAW, Circuit Judge.

Judgment for plaintiff. Defendant appeals.
Reversed.

1. Landlord and Tenant—Collection of Rent—Notice to Vacate—
   Right to Eject Tenant—Waiver.—The acceptance or enforced
   collection of rent in arrears at the time notice to vacate the
   premises is given, will not deprive the landlord of the right
   to eject the tenant. And without waiving his right he may
   also after forcible detainer proceedings have been instituted,
   collect or accept the rent that accrued between the date of
   the notice to vacate, and the issual of the writ, if under the
   statute, or contract, a certain number of days must elapse,
   after giving notice, before forcible detainer proceedings can
   be instituted.

2. Same—Forfeiture of Lease—Waiver.—But if a landlord
   accepts or undertakes to collect rent not due, when notice
   to vacate is given, and that does not accrue between the date
   of the notice and the issual of the writ, or rent that becomes
   due after forcible detainer proceedings have been instituted,
   he will waive his right to forfeit his lease under the notice,
   as the acceptance of the rent or the attempt to collect it is
   a recognition of the right of the tenant to occupy the prem-
   ises, and a waiver of the forfeiture.

RICHARD H. GRAY for appellant.

1. We submit that appellants plea of estoppel should have been
sustained and a judgment for him should have been entered by
the court below. (Masonic Savings Bank v. Ronald's Executor,
1 Ky. Law Rep., 273; Rhodes v. Rhodes, 18 Ky. Law Rep., 916;
Hill v. Spaulding, 21 Ky. Ky. Law Rep., 1383; Morehead v. More-
head, 16 Ky. Law Rep , 34.)

Rich v. Rose.

2. A party cannot take two inconsistent positions.

3. A cause of forfeiture in a lease may be waived. (Johnson v. Whittlemore, 27 Mich., 466; Wheeler & W. Mfg. Co. v. Teetzlof, 53 Wis., 220; Deyon v. Jamison, 33 Mich., 94.)

FURBER & JACKSON, attorneys for appellee.

## SUMMARY.

1. After suit is brought it is not a question of waiving forfeiture—but one of abandoning her suit.

2. The allegations of the petition and the terms and effect of the judgment of October 28, 1904, were not of such a character as to amount to a final judgment regarding the year's rent. It adjudged nothing regarding the year's rent upon its merits, it merely holds all up as security to await further pleading at the end of the year or end of the tenancy, and then apply sufficient to pay any which may then be shown to be owing. There is in it neither certainty nor finality.

3. If the allegations of the petition and terms and effect of the judgment were of the character claimed by defendant, they do not operate to estop the plainiff from proceeding in this case. Defendant has introduced no proof to show that he was led by reason of the character of the petition and judgment to believe that plaintiff intended to abandon her forcible detainer suit, and that relying upon that abandonment, he had acted—made changes in his affairs because thereof; that he has been or will be injured because of those changes if plaintiff be permitted to further prosecute this forcible detainer case.

These things are essential to an estoppel. But defendant has proven none of these things. As to the estoppel the burden is on the defendant, and defendant has not proven that a single one of these essentials exist, whereas his testimony must show all.

4. The right of entry for forfeiture was open to plaintiff. She elected to forfeit. She made final her election by instituting this suit. She was, and is, entitled to proceed with this suit, unless since its institution she has

(a) For a consideration agreed to abandon it, or she has

(b) done something which has deceived the defendant into the belief that she had abandoned it, and that he so believing acts on it and cannot now save himself from loss caused or threatened if she be permitted to proceed, and so she should be estopped.

OPINION OF THE COURT BY JOHN D. CARROLL, COM-
MISSIONER—Reversing.

This appeal is prosecuted from a judgment of the
Kenton circuit court holding appellant guilty of
forcible detainer. It appears that on December 15,
1903, appellant executed to appellee a note for $1,600,
payable in monthly installments of $25 each, begin-
ning on January 1, 1904; the contract providing that,
if appellant failed to make any of the payments within
30 days after the same became due and payable, then
the whole amount of the debt became due and payable
at the option of the appellee. To secure the payment of
this obligation appellant executed a mortgage upon a
number of articles of personal property. Simul-
taneously with the execution of this contract appellee
leased to appellant for the term of one year, with the
privilege of extension from year to year for five
years, the premises in which the business of appellant
was carried on, and in which the articles mortgaged
were situated; appellant agreeing to pay as rent $37
per month, payable at the end of each month. The
rent contract provided that, in default of any install-
ment of rent, the lessor, appellee, should have the
right to determine the lease and take possession of
the premises. On June 16, 1904, appellee gave to
appellant a notice informing him that he had been for
more than 30 days in default in the payment of the
installments due under the contract, and also in the
payment of the rent, and that she elected to declare
the whole indebtedness mentioned in the contract due
and payable, and to declare the lease forfeited and
terminated by reason thereof. On July 7, 1904, appel-
lee instituted this forcible detainer proceeding in a
magistrate's court, and on October 31, 1904, appellant

was found guilty, and a judgment of restitution awarded. This judgment was traversed, and upon a trial of the traverse in the circuit court in February, 1906, appellant was again found guilty. On August 15, 1904, appellee collected $142 on a distress warrant issued August 2, 1904, and on September 9, 1904, appellant paid to appellee $37 rent. The rent collected on the distress warrant and that paid by appellant satisfied the rent due to August 15, 1904. On July 18, 1904, appellee brought suit on the $1,600 contract, asking judgment for the amount due, and the enforcement of her mortgage lien upon the property to secure its payment. In her petition she set up the rent contract, and averred that she had a landlord's lien upon all the personal property on the leased premises, being the same property covered by the mortgage, to secure one year's rent due and to become due, and that there was due at that time rent amounting to $103. She prayed judgment for the amount due under the contract, also for the rent due and to become due within a year, amounting to $444, and for a sale of the property to satisfy, first, the rent claims; second, a mortgage to Glesenkamp; and, third, her mortgage lien. On October 10, 1904, appellee filed an amended petition, setting up the fact that since the institution of the suit she had collected $142 and $37 rent, which paid the rent to August 15, 1904, and that there was due and unpaid the installment of rent due September 15, 1904. On October 28, 1904, judgment was rendered in favor of appellee for the amount due on the mortgage debt, and it was further adjudged that appellee had a landlord's lien for rent upon the mortgaged property which was upon the leased premises to secure the payment of 12 months' rent at $37 per month from August 15, 1904, and it was ordered that the mortgaged property be

sold, and the proceeds applied, first, to pay the lien
of Glesenkamp; second, to pay the rent for one year;
and, third, the mortgage debt. On November 8, 1905,
an order was made directing the master commissioner
out of the proceeds of the sale of the mortgaged
property to pay the lien of Glesenkamp, then to
appellee $444, being one year's rent from September
15, 1904, to September 15, 1905, and the balance in
his hands to appellee on her mortgage debt. On Jan-
uary 3, 1906, appellee moved the court to modify the
order of distribution in so far as it directed the pay-
ment of $444 rent before paying the mortgage debt,
so that the mortgage debt should be paid in full
before anything was paid upon the rent claim. This
motion the court overruled.

The above statement of facts is necessary to an
understanding of the question presented by appellant,
who on December 15, 1905, as a defense to the forci-
ble detainer proceedings, pleaded as an estoppel
against appellee's right to further prosecute the
forcible detainer, the steps taken by her in the civil
action, and the judgment rendered in said action in
October, 1904, directing that out of the proceeds of
the property on the leased premises there should be
paid her rent for the year between September 15,
1904, and September 15, 1905. Whether or not this
plea presented a good defense to the forcible detainer
proceeding is the only question at issue. The trial
judge held that it did not, resting his conclusion upon
the ground that appellee did not intend, when she
instituted the suit on the mortgage debt, to abandon
or in any way limit her right to prosecute the forcible
detainer proceeding, and that appellant was not
induced by anything appellee did to believe that she
intended to abandon the forcible detainer proceeding,

vol. 124—43.

and that he did not so believe, nor was he induced because of any such belief to take any action, or do anything than otherwise he would not have done.

We are of opinion that the lower court erred in its conclusions of law. In June, 1904, appellant, by reason of his default in the payment of rent due, forfeited his right to the premises at the election of appellee, and, following up her right to enforce the forfeiture, she instituted the forcible detainer proceeding in July. In October appellant was found guilty, and judgment of restitution rendered, which was traversed in three days thereafter. When the finding of guilty in the country was traversed, appellant, under section 463 of the Civil Code of Practice, executed a traverse bond, with sufficient surety, conditioned that he pay to appellee damages for withholding the possession of the property during the pendency of the traverse, as well as reasonable expenses of the traverse in defending it. So that, upon the execution of this bond in October, 1904, appellee was fully protected in the rent during the occupancy of the premises by appellant pending the traverse, but we do not deem this material to the consideration of the question. We have, then, this condition of affairs: Appellee, although relying upon appellant's forfeiture of his right to occupy the premises, and seeking by forcible detainer proceedings to eject him, pending the trial of the forcible detainer case, on July 18, 1904, instituted her civil action, in which she sought to recover one year's rent, and in the judgment rendered in the action was awarded the full rent for one year ending in September, 1905, and a lien upon the property of appellant to secure it. In one proceeding she was seeking to deprive him of the premises and take possession of them herself, and in another was prose-

cuting an action against him for rent that would not be due for nearly a year thereafter. It seems to us that appellee could not at the same time prosecute these two actions, seeking radically inconsistent relief. She had the right to either remedy—the right to prosecute the forcible detainer proceeding, or the right to waive the forfeiture and permit appellant to occupy the premises, and recover her rent from him—but it would be manifestly unreasonable and unfair to permit a landlord to resort to both at the same time. The acceptance or enforced collectionof rent in arrears at the time notice to vacate the premises is given will not deprive the landlord of the right to eject the tenant under the notice. And without waiving his right he may also after forcible detainer proceedings have been instituted collect or accept the rent that accrued between the date of the notice to vacate and the issual of the writ, if under the statute or the contract a certain number of days must elapse after giving notice before forcible detainer proceed-ings can be instituted. The rights of landlords are very fully protected by statute, and the writ of forci-ble detainer affords a speedy and simple remedy for the recovery of leased premises from a delinquent tenant. In fact, we may add that landlords are favorites of the law, and are given extraordinary remedies for the protection of their rights. But, if the landlord accepts, or undertakes to collect, rent not due when notice to vacate is given, and that does not accrue between the date of the notice and the issual of the writ, or rent that becomes due after forcible detainer proceedings have been instituted, he will waive his right to forfeit the lease under the notice, as the acceptance of the rent or the attempt to collect it is a recognition of the right of the tenant to occupy the premises and a waiver of the forfeiture. Taylor

on Landlord and Tenant, secs. 485, 497, 499. In American and English Encyclopedia of Law, vol. 18, p. 382, it is said: "It may be stated as a general rule that where the lessor after knowledge of the breach of any covenant or condition for which he could enforce a forfeiture, expressly or impliedly recognizes the continuance of the tenancy, he thereby, waives the forfeiture, and is afterwards precluded from asserting it. * * * The question whether the landlord intended to waive the forfeiture is not material. Where his act amounts to a waiver of the forfeiture, or a recognition of the continuance of the tenancy, he is precluded from asserting that it was not his intention to waive the forfeiture. Thus, the receipt of subsequent rents is held to constitute a waiver, though the landlord expressly states at the time of such receipt that he does not intend to prejudice his right to assert the forfeiture." Collins v. Canty, 6 Cush., (Mass.) 415; Gomber v. Hackett (Wis.) 70 Am. Dec., 467; Garnhart v. Finney (Mo.) 93 Am. Dec., 303. In the case before us appellee, in addition to the suit to recover the rent within the year, and after she had given notice to the tenant to vacate the premises, and had instituted forcible detainer proceedings against him, accepted rent from him up to August 15, 1904; so that appellee not only waived her right to prosecute the forcible detainer proceedings by the institution of the civil suit to collect the rent, but by the acceptance of rent that accrued after the writ of forcible detainer had issued.

We therefore conclude that the plea of estoppel interposed by appellant was a bar to the prosecution of the forcible detainer proceedings. Wherefore, the judgment of the lower court is reversed, with directions to proceed in conformity with this opinion.