## DEL TORO v. JUNCOS CENTRAL CO.

(Circuit Court of Appeals, First Circuit.　December 1, 1921.)

### No. 1528.

Landlord and tenant ⬤�832112(2)—Right to forfeit lease not waived by landlord by acceptance of accrued rent after due.

> Acceptance by a lessor under protest of accrued rent after the time it became due and payable, where at the same time he made public declaration before a notary that he reserved his rights under the lease, *held* not a waiver of his right to enforce a forfeiture of the lease under its terms for failure to make the payment when due.

In Error to the Supreme Court of Porto Rico.

Action at law by Fernando del Toro y Saldana against the Juncos Central Company. Judgment for defendant, and plaintiff brings error. Reversed.

Henry G. Molina, of San Juan, P. R. (Jose Martinez Davila, of San Juan, P. R., on the brief), for plaintiff in error.

Before BINGHAM, JOHNSON, and ANDERSON, Circuit Judges.

BINGHAM, Circuit Judge. This is an action of unlawful detainer brought by Fernando del Toro y Saldana, a citizen of Spain, against the Juncos Central Company, a Porto Rican corporation, in the district court of San Juan, Porto Rico, July 27, 1920, to recover possession of three rural properties situated in the municipality of Juncos.

It appears that on February 24, 1911, the plaintiff leased to the defendant the properties in question for a period of ten years from March 1, 1911, to March 1, 1921, with the privilege of renewal for a period of ten years, at an annual rental of $6,000, payable as follows:

> "C.—The rent shall be paid semiannually and the Juncos Central Company shall make the said payments in drafts on New York, Paris or Madrid in favor of Fernando del Toro y Saldana, according to the instructions which he will duly give the Juncos Central Company, deducting or adding the exchange prevailing when the respective installments of rent become due and sending the draft for each semiannual installment of the rent directly to the residence of the lessor in Madrid in a registered letter. The Juncos Central Company shall remit the said payments by one of the mail steamers leaving San Juan, Porto Rico, for Europe, either by the way of New York or directly to Spain, within the fifteen days following the date on which the respective installments become due, and only in case there should be no opportunity to send the draft within the first fifteen days shall the lessee be allowed to wait until the next steamer sailing after the payment becomes due."

The lease also provided:

> "J.—If at the final termination of the lease there should be any unharvested crops standing the contract shall be extended one year under the same conditions."

> "L.—Failure to pay punctually the installments of rent in the manner agreed upon, will be a sufficient cause for the eviction of the lessee from the leased properties and the Juncos Central Company shall have no claim upon nor be allowed any extension of time to harvest the growing crops.

⬤�832For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

"M.—Failure of one of the contracting parties to comply with any of the stipulated conditions shall give the other party a right to an indemnity for the damage suffered."

"O.—The parties submit themselves to the courts of San Juan, Porto Rico, for the settlement of any questions that may arise from this contract."

It further appears that the installment of rent due February 29, 1920, was not sent to the plaintiff until April 26, 1920, nearly two months after it became due and payable; that it was then sent in an unregistered envelope which was received by the plaintiff at Madrid, June 3, 1920; that the defendant did not prove or attempt to prove that it did not have an opportunity to send the draft within the first fifteen days after February 29, as required by the contract; that upon receipt of the installment of rent due February 29, the plaintiff immediately went before a notary public and protested against the failure of the defendant to comply with the terms of the contract as to the time and manner of the payment of the rental, stating that the failure to remit the rent within the time fixed by the contract was a cause for rescission of the lease and the eviction of the lessee, and reserving his right of eviction as well as his right to damages; and that thereafter he caused his representative in Porto Rico to institute the present suit, which was begun July 27, 1920.

The defenses set up to the action were: (1) That the contract had been tacitly modified by the plaintiff's acceptance, without protest, of several payments of rent made during previous years after the expiration of the time agreed upon in the contract; and (2) that the action of unlawful detainer would not lie as the contract provided that in case either of the parties failed to comply with any of its conditions the other party would be entitled to recover damages.

The district court of San Juan found and ruled against the defendant as to both these matters and entered judgment for the plaintiff, in which the defendant was ordered to vacate the properties within twenty days, and pay the costs, disbursements, and attorney's fees of the plaintiff. The defendant appealed to the Supreme Court of Porto Rico, which court sustained the ruling of the district court as to the defenses set up by the defendant, but reversed the judgment of that court and dismissed the action for the reason that the plaintiff had received and accepted the semiannual installment of rent in question before bringing the action of unlawful detainer.

To review this judgment the plaintiff has prosecuted the present writ of error and the single question is whether the Supreme Court was right in ruling that the plaintiff, notwithstanding he publicly protested, at the time he accepted the check for the rent, that he did so without waiving his right to evict the defendant for failure punctually to forward the rent, waived or lost his right thereafter to bring this action to oust the defendant.

In considering this question it is necessary to bear in mind that the rent accepted by the plaintiff became due and payable February 29, 1920; and that the breach complained of arose after the rent had accrued and become payable, and was due to the defendant's failure to forward the rent within fifteen days thereafter. It is no doubt the

law that, where rent accrues after a breach and is accepted by the lessor, his acceptance is a recognition of the existence of the lease and a waiver of the breach. The law governing such a state of facts is undoubtedly what the Supreme Court regarded as applicable to the facts in the case now before us, for, in support of its position, it gives quotations from Shirley's Selections of Leading Cases in the Common Law, p. 104, and 24 Cyc. 1361, both of which relate to a situation where the acceptance was of rent which had accrued after the breach complained of. The quotation from Cyc. is as follows:

"The acceptance by a landlord of rent which accrues after the breach of a condition contained in the lease is a waiver of the right to declare a forfeiture of the lease and re-enter because of such breach, provided the acceptance was with full knowledge upon the part of the landlord of the fact of the breach and all the circumstances thereof."

But this proposition of law is not applicable to the present case, for the rent here in question did not accrue after the breach complained of, but prior thereto. The plaintiff was entitled to the rent that had accrued prior to February 29, as rent. The lease was undoubtedly in existence up to February 29, and his acceptance of the rent then due added nothing to the binding effect of the lease down to that time. Was his acceptance of the rent a recognition of the lease and a waiver of the breach that arose after the rent had accrued?

In 16 Ruling Case Law, p. 1136, § 655, it is said:

"According to the generally received view the acceptance of rent which accrued prior to the time the cause of forfeiture relied on arose, is not necessarily a waiver of the forfeiture, as the forfeiture in no way affects the liability of the lessee for such rent."

In Kimball v. Rowland, 6 Gray (Mass.) 224, Chief Justice Shaw, in considering this question in a case brought by a landlord to recover possession of leased premises after the expiration of a notice to quit for nonpayment of rent, the rent having been paid and received on the day after the giving of the notice and before the commencement of the action, and the landlord upon receiving payment having expressly reserved his right under the notice, said:

"But in the present case, the lessee at will was bound to pay his rent at the day, without demand; his failure to do so was a neglect to pay the rent due; and this gave the plaintiff a right to terminate the tenancy at will by fourteen days' notice; and notice was given on that ground. His right to the possession, and to the aid of this summary process, was fixed by that notice.

"2. And the receipt of the money due for rent, after such notice given, will not necessarily operate as a waiver of that right, if the landlord, at the time of receiving such rent, gives notice that he does not thereby intend to waive his right to terminate his lease, or revoke his notice.

"If the landlord received such rent without protest, or notice of any sort, it might be inferred, from his silent acceptance of the rent in arrear, that, the cause of his notice being removed, it was his intent to revoke it, and waive his right to terminate his lease, as in Tuttle v. Bean, 13 Metc. 275, and Collins v. Canty, 6 Cush. 415. But it is a presumption that may be rebutted, and the mere acceptance of rent, under a protest that he does not thereby waive, will not raise such presumption; for the money is his due, and he has a right to receive it, without barring his right to terminate the tenancy at will, which is the direct object of the suit."

See, also, Miller v. Prescott, 163 Mass. 12, 39 N. E. 409, 47 Am. St. Rep. 434, and 24 Cyc. p. 1362.

We know of nothing in the law of Porto Rico controverting the principles above stated. See Civil Code, §§ 1472, 1458; Bringas v. Lopez, 80 Jur. Civ. 641 (1896); Boet v. Sans, 56 Jur. Civ. 450 (1880).

We are therefore of the opinion that, if from the acceptance of the rent, standing alone, it might be inferred that the plaintiff waived the forfeiture, such an inference cannot be drawn in this case, for the plaintiff, before accepting it, publicly declared that he did not waive the forfeiture and thereafter, as soon as the circumstances permitted, notified the defendant that he did not by instituting this suit.

The judgment of the Supreme Court of Porto Rico is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion, with costs to the plaintiff in error.