## Daily v. Kelly et ux.

November 22, 1946.

Rehearing denied March 28, 1947.

Sidney B. Neal, Judge.

Claude E. Smith for appellant.

John F. Wood for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

On May 9, 1942, appellant, J. I. Daily, rented three living rooms in an apartment building owned by him in Owensboro, Kentucky, to the appellee, Francis Kelly, for a consideration of a weekly rental of $3.75. The contract appears to have been oral and for no definite period. The record also discloses that as a part of the oral rental contract the lessee agreed to pay the rental in advance which he did until he was inducted into the military service "the latter part of May, or the first part of June, 1944," as stated in the stipulation of facts which was filed in the case.

He remained in the military service until October

30, 1945, when he was discharged. While he was serving in the armed forces the rented premises were occupied by his wife and children who it appears kept the rent paid in accordance with the rental contract until July 1, 1944. Immediately following that date default in rental payments was made until the arrearage of payments amounted to $30. On August 26, 1944, appellant gave notice that unless peaceable possession of the leased premises was surrendered to him he would institute an action of forcible detainer against the lessee, which he did on the following October 10 before John E. Harrison, a justice of the peace of Daviess County.

A plea of not guilty was entered, and a trial had in which the justice found defendant guilty of the forcible detainer and awarded a writ of restitution of the premises to the lessor, which, in effect, sustained the right of the lessor to immediate possession following eviction of the premises by defendants therein. The motion for a new trial made before the justice was overruled, and a traverse was duly filed by defendant in the Daviess circuit court, the judgment by the justice having been rendered on October 16, 1944, and the traverse in the circuit court was filed two days later. Nothing was done in the circuit court until December 15 of that year, when the court on its own motion rendered a judgment, or made an order, staying the proceedings on "condition that on or before the 10th day of February, 1945, the appellant (defendant) pay or cause to be paid to the appellee (plaintiff) all rent due and owing as of that date, and that the appellants keep their rent paid so long as they occupy the premises." The action then remained upon the docket with nothing being done until April 8, 1946, when appellant filed this affidavit: "Plaintiff and affiant, J. I. Daily, states that defendants, are in arrears in payment of rental from the 12th day of January, 1946, to the present date, February 14th, 1946; that by the terms of the rental contract between him and defendants they were to pay the rental weekly, $3.75, per week; that the last payment of rent by them was to and including January 12th, 1946; that they are now in arrears in payment of rent to and including February 9th, 1946, four weeks, and from said date to the present date in addition."

He then entered motion that the action be set for trial which the court sustained and set it for the 10th

day of "the present term of this court," but which was later reset for the 15th day of that term, and still later it was reset for the first day of the following May term of the court, but following motions postponed the hearing until the third day of June, 1946, which was during the May term of the court. On that day the court rendered judgment finding defendant not guilty of the forcible detainer charged against him and dismissed the action, from which appellant, the lessor, prosecutes this appeal.

The court in rendering its judgment fails to state specifically and definitely the grounds upon which he did so, but briefs of counsel say that the court concluded that the Federal Soldiers' and Sailors' Civil Relief Act suspended the right of a landlord to evict a tenant for six months following the stay period granted by the court. But the statute in subsection (2) of section 530, of volume or Title 50 U. S. C. A. Appendix, fixes such following period at not longer than three months. Therefore, it would appear that the court was in error in its interpretation of the Federal act. But notwithstanding such erroneous grounds the law is too well settled to the effect that this court will affirm a judgment, notwithstanding it was rendered upon an erroneous ground, if there is another one appearing in the record authorizing the judgment.

The case of Rich v. Rose, 124 Ky. 669, 99 S. W. 953, 955, 30 Ky. Law Rep. 925, was an appeal from a judgment of guilty in a forcible detainer proceeding. Other questions were also involved, but as to the forcible detainer proceeding the opinion said:

"But if the landlord accepts, or undertakes to collect, rent not due when notice to vacate is given, and that does not accrue between the date of the notice and the issual of the writ, or rent that becomes due after forcible detainer proceedings have been instituted, he will waive his right to forfeit the lease under the notice, as the acceptance of the rent or the attempt to collect it is a recognition of the right of the tenant to occupy the premises and a waiver of the forfeiture. Taylor on Landlord & Tenant, secs. 485, 497, 499. In American & English Encyclopædia of Law, vol. 18, p. 382, it is said: 'It may be stated as a general rule that where the lessor after

knowledge of the breach of any covenant or condition for which he could enforce a forfeiture, expressly or impliedly recognizes the continuance of the tenancy, he thereby waives the forfeiture, and is afterwards precluded from asserting it. * * * The question whether the landlord intended to waive the forfeiture is not material. Where his act amounts to a waiver of the forfeiture, or a recognition of the continuance of the tenancy, he is precluded from asserting that it was not his intention to waive the forfeiture. Thus, the receipt of subsequent rents is held to constitute a waiver, though the landlord expressly states at the time of such receipt that he does not intend to prejudice his right to assert the forfeiture.' Collins v. Canty, 6 Cush., Mass., 415; Gomber v. Hackett, 6 Wis. 323, 70 Am. Dec. 467; Garnhart v. Finney, 40 Mo. 449, 93 Am. Dec. 303. In the case before us appellee, in addition to the suit to recover the rent within the year, and after she had given notice to the tenant to vacate the premises, and had instituted forcible detainer proceedings against him, accepted rent from him up to August 15, 1904; so that appellee not only waived her right to prosecute the forcible detainer proceedings by the institution of the civil suit to collect the rent, *but by the acceptance of rent that accrued after the writ of forcible detainer had issued.''* (Our emphasis.) See also Stover v. Hazelbaker, 42 Neb. 393, 60 N. W. 597.

In the instant case it is shown by the affidavit of appellant, which he filed as hereinbefore stated on April 8, 1946, that all past rent—including that in arrears when his notice to vacate was given to defendant and upon which he based his right to the writ—was paid up to January 12, 1946, which involved future rental from and after the date the detainer proceeding was instituted before the justice. The acceptance of such future rentals by the appellant under the Rich opinion waived the right to his further maintaining this particular proceeding, and relegated him to a future new action, based upon future arrearages of payment of rent which, of course, deprived him from seeking in this action to recover possession for such future arrearage of payment.

That a new action is required is sustained by the very language of our Civil Code of Practice in its section 454, which prescribes that it shall be commenced before "a justice of the peace or a county judge of the county

in which the land or tenement, or a principal part thereof, lies.'' Therefore, the Daviess circuit court on the appeal from the judgment of the justice's court acquired no jurisdiction to determine the effect, or to render judgment based upon plaintiff's affidavit, since in order for plaintiff to obtain enforced possession for nonpayment of the arrearage rent therein stated he was required to institute a new action before a justice of the peace, or the county judge of Daviess County. Therefore, the court properly dismissed this action, although it was done upon the erroneous one to which we have referred.

Wherefore, the judgment is affirmed.