CARLOS IGARTÚA ECHEVARRÍA ET AL., Plaintiffs and Appellants, *v.* ANTONIO RUIZ YANIS, Defendant and Appellee.

No. 10630. Argued April 1, 1952.—Decided April 23, 1952.

*Juan B. Soto* and *Juan F. Soto* for appellants. *Héctor Reichard* for appellee.

MR. JUSTICE MARRERO delivered the opinion of the Court.

The defendant moves to dismiss the appeal taken by the plaintiffs on July 23, 1951, from a judgment entered five days

earlier by the lower court overruling their complaint in an action of unlawful detainer. He bases his motion on the following grounds: that by public deed executed on September 16, 1943, the former owner [1] of certain properties described in the complaint, leased them to the defendant for a 10-year period and a $4,500 annual rent; that the contracting parties agreed and stipulated that the lessee would pay the rent quarterly in advance; that the first quarter comprised between January 1, 1950, and March 31 of that same year became due on the latter date, without the defendant paying the rent corresponding to the following quarter, namely, that comprised between April 1 and June 30, 1950; that on April 12, 1950, the defendant deposited in the office of the clerk of the court *a quo* the rentals corresponding to the quarter last mentioned, duly depositing thereafter the rentals of the several quarters comprised between July 1, 1950, and December 31, 1951; and that on November 16 of said last year the plaintiffs moved for the delivery of the rentals thus deposited—including the rent which became due after the rentals referred to in the complaint—and by order of the lower court the clerk delivered said rents to them. He argues that the appeal should be dismissed inasmuch as upon accepting the deposit and withdrawing from the office of the clerk the amount of said rent, the plaintiffs waived their right to evict the defendant. Appropriate certificates were attached to his motion to prove that in the ejectment proceeding involved in the appeal the plaintiffs prayed for the delivery of the amount of $1,433 he had deposited, and that in cases Nos. 21296, 179, 412, 604, 784 and 1040, all for deposit, the plaintiffs requested and obtained the delivery of the amounts deposited in their favor, in connection with the aforesaid action of unlawful detainer.

---

[1] Susana Duprey Gayá was the former owner of said properties. Some of the plaintiffs are her successors in interest and owners, testamentary executors.

The plaintiffs were notified and object to the dismissal claiming "that defendant's theory is erroneous, not only with respect to the rent unpaid at the time the complaint was filed, but also as regards the amounts deposited in connection with subsequent rentals allegedly due"; and that "an examination of the cases cited by the appellee in support of his theory shows that said cases refer mainly to the creditor's acceptance of rent which had accrued after the breach of the contract which gave rise to the action, but before the latter had been filed," whereas "the instant case, on the contrary, involves the acceptance of an amount deposited to pay rent which had accrued before bringing the action, and several other amounts deposited in favor of the lessors, after the commencement of the action."

In *Del Toro* v. *Juncos Central Company*, 29 P.R.R. 21, the rental corresponding to March 1, 1920, was not remitted by the defendant to the plaintiff until after the expiration of the time fixed in the contract. The plaintiff, declaring that he reserved his rights against the defendant under the contract, accepted said rent before bringing his action. We held that the lessor's acceptance of the payment of an instalment of rent corresponding to an accrued instalment was equivalent to a waiver of his right to evict and we dismissed the complaint. On appeal the United States Court of Appeals for the First Circuit reversed our judgment. It deemed that the acceptance by the lessor of rent which had become due *prior* to the commencement of the action of unlawful detainer, in the manner set forth, was not equivalent to a waiver of the right to evict. Nevertheless, it stated in its opinion that "it is no doubt the law that, where rent accrues *after* a breach and is accepted by the lessor, his acceptance is a recognition of the existence of the lease and a waiver of the breach." (Italics ours.) *Del Toro* v. *Juncos Central Co.*, 276 F. 894.

Nine years later this Court was called upon to decide

the case of *Morales* v. *Martínez et ux.*, 40 P.R.R. 695. Citing innumerable authorities we held that "Where, after unlawful detainer proceedings for non-payment of rent have been commenced, the landlord *accepts such rent and the rents accruing subsequent to the forfeiture, he thereby waives his right to enforce it.*" (Italics ours.) In our opinion, the principle laid down in that case and by the Court of Appeals for the First Circuit in *Del Toro* v. *Juncos Central Co.*, *supra*, correctly set forth the law. To the same effect see Manresa, *Comentarios al Código Civil Español*, Vol. 10, 1950 ed., pp. 644, 645; 100 *Jur. Civ.*, p. 406; *Dermott* v. *Wallach*, 68 U. S. 61, 17 L. ed. 680; *Knickerbocker Ins. Co.* v. *Norton*, 96 U. S. 234, 24 L. ed. 689, 692; *Holt* v. *Warren*, 176 F. 2d 479, 481; *Guptill* v. *Macon*, 79 S. E. 854; *Rich* v. *Rose*, 99 S. W. 953; *Jones* v. *Maria*, 48 Cal. App. 171; Williston on Contracts, Vol. 3, p. 1980; 109 A.L.R. 1269, 1273; 32 Am. Jur. 749, § 883; 16 R.C.L. 1132, § 653.

In the instant case the plaintiffs not only accepted the deposit corresponding to the quarter comprised between April 1 and June 30, 1950, nonpayment of which duly gave rise to the commencement of the action of unlawful detainer, but also prayed for and obtained the delivery of each and every rental which had accrued after the filing of the complaint, including the rentals deposited on September 27, 1951. Pursuant to the decisions and authorities above mentioned, plaintiffs' acceptance of rent accrued under the circumstances described, subsequent to the breach of the lease contract, was equivalent to a waiver of their right to evict the defendant. Consequently, appellee's motion should be granted and the case dismissed.

*Vélez* v. *San Miguel*, 68 P.R.R. 534, as well as *Vidal* v. *Mason*, 68 P.R.R. 558; *Vidal* v. *District Court*, 71 P.R.R. 544; *Díaz* v. *Morales*, 71 P.R.R. 648; *Torres* v. *Biaggi*, 72 P.R.R. 813, and *Asociación Cooperativa* v. *Navarro*, *ante*, pp. 140, 145, which followed it, are clearly distinguishable. As we said

in the former case, the *ratio decidendi* thereof was that "the acceptance of money for use of property does not in itself create a new lease contract between the purchaser of a house and the tenant of the former owner when all the other circumstances point to a contrary result." [2] Referring to *Morales* v. *Martínez et ux.* and *Del Toro* v. *Juncos Central Co.*, *supra*, we said in *Vélez* v. *San Miguel*, *supra*, at p. 541 that we would not stop to determine if those cases were correctly decided, since there would be time enough to pass on that question when an appropriate case arose and that meanwhile we made only two points, to wit: (1) that in those cases a lease between the parties already existed and the question was merely whether, after breach of the lease by the tenant, acceptance of rent—not money for use, but rent in the technical sense—waived the breach; and (2) that even where a lease already exists, perhaps those two cases should not be applicable and that "the rule should be that acceptance of money will not condone a prior breach, provided it is made clear that the money is accepted as compensation for use, and not as rent." We emphatically stated that we left the case open. Here we must likewise leave the case open inasmuch as it is evident that the plaintiffs accepted the rent accrued before and after the breach of the contract, voluntarily and without any reserve. *Cf.* 34 Harv. L. Rev. 203.

 Plaintiffs claim, on the other hand, that pursuant to the provisions of § 18–A of the Reasonable Rents Act,[3] defendant's payment by depositing the amount due, plus the fees he was ordered to pay, without a previous judgment on the merits, is tacitly tantamount to confessing the truth of the facts alleged in the complaint and that he can not, after

---

[2] All those cases involved a person or entity which immediately after —or shortly after—acquiring a property required the tenant of the former owner to vacate the premises and later accepted from the possessor of the property certain sums of money, not as rent but as compensation for the use of the property.

[3] Act No. 464 of April 25, 1946 (Sess. Laws, p. 1326).

an adverse award by this Court [4] avail himself of the relief provided by said Section. Section 18–A was added to the Reasonable Rents Act by Act No. 415 of May 14, 1947 (Sess. Laws, p. 820).[5] Said Section, however, is not in point here inasmuch as by express provision of § 4 of Act No. 464, supra, as amended by Act No. 202 of May 14, 1948 (Sess. Laws, p. 598), that Act does not apply to the lease of rural properties. On the other hand, § 628 of the Code of Civil Procedure, as amended by Act No. 268 of May 14, 1945 (Sess. Laws, p. 938), which is of general application and the first paragraph of which is couched in terms similar to those of § 18–A, was, by express provision, in force only until six months after the termination of hostilities in the war then going on between the United States of America and Germany, Italy and Japan. Said hostilities terminated a long time ago. However, there is nothing to prevent a defendant in an action of unlawful detainer based on nonpayment of rent, from depositing in court accrued or accruing rent. See § 631 of the Code of Civil Procedure as amended by Act No. 170 of May 9, 1942 (Sess. Laws, p. 888) ; Manresa, op. and vol. cited p. 647; 149 Jur. Civ. 461; 121 Jur. Civ. 82.

The motion will be granted and the appeal dismissed.

---

[4] The plaintiffs mean our order of July 14, 1950, entered in certiorari No. 1855, Carlos Igartúa Echevarría v. District Court of Aguadilla.

[5] Section 18–A provides:

"When the ejectment proceeding is based on non-payment of the rent or price agreed upon in a contract, no evidence, other than the receipt or any other document verifying the fact that payment has been made, shall be admitted to the defendant; Provided, That if the defendant shall, at any stage of the proceedings, pay the rent due, together with costs and attorney's fees fixed by the court, the court shall issue a resolution dismissing the proceedings or vacating the judgment rendered."