MICHAIL GOMBER, plaintiff in error

*vs.*

JAMES HACKETT, defendant in error.

ERROR TO MILWAUKEE COUNTY COURT.

The acceptance by the landlord from the tenant, of rent which had accrued after forfeiture is a waiver of the breach of the condition of the lease, that the tenant would not cut timber on the premises, a year's rent in advance having been received after the alleged breach, with knowledge thereof.

This was an action for forcible detainer, brought by the defendant in error, against the plaintiff in error, lessee, of certain premises, upon account of an alleged breach of the condition of the lease by the lessee, in cutting timber. The plea was "not guilty," and the cause was originally tried in a justice's court on that issue and a judgment rendered therein for the plaintiff. From this judgment the defendant took an appeal to the county court of Milwaukee county, and, pending the cause in that court, the defendant obtained leave to amend, on payment of costs, and in pursuance of such leave, filed an answer to the complaint, setting forth that, since the last continuance, to wit: on the 13th day of March, 1857, the plaintiff demanded and received, of and from the defendant, one hundred and forty dollars for rent of the demised premises, which had accrued and become due, according to the terms of the lease, after and subsequent to the breach of covenant complained of, &c.

To this answer the plaintiff filed a general demurrer, which, upon argument, was sustained by the court, to which opinion the defendant excepted, and said court rendered judgment of restitution of the premises, with costs of suit.

*L. Wyman,* for plaintiff in error.

The court erred in sustaining the demurrer. As a general

rule the receipt of rent by the landlord operates as a waiver of a breach of covenant, if the rent accrued subsequent to the breach complained of, and especially (as in this case,) if the rent was payable in advance, *Bleeker vs. Smith*, 13 Wend., 530; *Jackson vs. Allen*, 3 Cow., 229.

But if the rent accrues and is received by the landlord after suit is commenced for a breach of covenant, then it is a question for the jury to say whether the landlord, by the receipt of rent intended to waive the breach or not. Adams on Ejectment, 176, 177, 180; *Doe ex dem., Cheny vs. Batten*, Cowper, 243; *Goodwright ex dem., Charter vs. Cardwent*, 6 S. R. 219; *Collins vs. Ccnty*, 6 Cush., 243; *Doe vs. Humphrey*, 2 East., 237; *Ryal vs. Rich*, 28 Id., 58; *Sonisly vs. Vering*, 9 Id., 310.

There is a single decision made by C. J. Abbot, *Doe vs. Menx*, 1 Car. & P. 346, referred to in Taylor's Landlord and Tenant, 2d edition, p. 329, §497, which would seem to indicate that the receipt of rent after suit to obtain possession, is not a waiver. But this case means only that the circumstance alone of the receipt of rent is not in law a waiver. And it may be fairly inferred from the language used by the court in that case, that it should be left to the jury, as a question of fact, whether it was intended as a waiver or not of the notice.

*By the Court*, COLE, J. The rule seems to be well settled that the acceptance of rent by the landlord from the tenant, accruing due, after the forfeiture, will operate as a waiver of the breach complained of (See. 2, Platt on Leases, 468; Taylor, L. & T., Section 497. *Jackson vs. Allen*, 3 Cow., 229; *Bleacher vs. Smith*, 13 Wend., 530; *Prindle vs. Anderson*, 19 Id., 391; *Collins vs. Canty*, 6 Cush., 415; *Goodrich vs. Cordwent*, 6 T. R., 219, and cases there cited). In this case the answer alleges that after the commencement of the suit by Hackett to recover possession of the demised premises, for a breach of the condition in

reference to cutting timber, to wit: on the 13th of March, 1857, he demanded and received of and from the plaintiff in error, the sum of $140, for rent becoming due subsequent to such breach, and that this was rent for the use of the premises for one year in advance from the 1st of March, 1857. By this act the landlord recognized the lease as a subsisting operative contract; and he ought not therefore to be permitted farther to insist upon the forfeiture, if there had been one. It was optional with him to consider the estate forfeited for condition broken, and proceed to recover possession, or to waive the forfeiture and consider the lease valid. He has made his election and must abide by it. It would be very inequitable and unjust to permit the landlord to recover possession of the premises when he had already received from his tenant the rent for the use of the same to March, 1858. It follows from the view we have taken of the case, that the court improperly sustained the demurrer to the answer.

Judgment reversed and cause remanded for further proceedings.