Marshall v. Davis.

---

CASE 46.—FORCIBLE DETAINER PROCEEDING BY OMA DAVIS AGAINST HUMPHREY MARSHALL.— March 21.

## Marshall v. Davis

Appeal from Jefferson Circuit Court, Common Pleas Branch (Third Division).

UPTON W. MUIR, Judge.

Judgment for plaintiff. Defendant appeals. Affirmed.

1. Landlord and Tenant—Forcible Entry and Detainer—Judgment —Traverse—Vacation—Dismissal—Defendant traversed the inquisition and stayed the enforcement of a judgment of eviction in forcible entry and detainer proceedings, and before the traverse was tried paid plaintiff past due rent and as a part of the arrangement it was agreed that the traverse should be dismissed which was done. Held, That the judgment of eviction was thereby set aside in effect, so that defendant continued to hold possession thereafter under the lease.

2. Same—Forfeiture—Non-payment of Rent—Waiver—Where pending trial of a traverse of an inquisition in forcible detainer proceedings, the tenant paid the rent in arrears and also in advance, which was accepted by the landlord, and the traverse dismissed, she thereby waived the forfeiture of the lease by the tenant's failure to pay rent as agreed.

3. Same—Lease—Construction—Form of Tenancy—Notice to

Quit—Where a lease provided that in case the lessee continued to occupy the premises after the expiration of the term or after forfeiture, whether with or against the consent of the lessor, such tenancy should be in accordance with the terms of the lease, and in no event from year to year, the relation of landlord and tenant existed after forfeiture, and the tenant did not become a tenant at sufferance entitled to notice as a prerequisite to the institution of forcible entry proceedings.

4. —Traverse—Failure to Join Issue on Traverse—Delay in Motion—A motion to render judgment for the traversor, notwithstanding the verdict, on the ground that the traversee did not join issue on the traverse, comes too late where it was not made until after the judgment had been rendered and grounds for a new trial had been entered.

W. B. THOMAS for appellant.

### POINTS AND AUTHORITIES.

First—After the dismissal of the first traverse, the first judgment of eviction, by which the tenancy under the lease was terminated, was left in full force and effect and the appellant was thereafter a tenant by sufferance and was entitled to one month's notice in writing. (Gore v. Stevens, 1 Dana., 201; Pollard v. Otter, 4 Dana., 517; Mendel v. Hall, 13 Bush., 232; Kentucky Statutes, section 2326.)

Second—Appellant was entitled to judgment because appellee failed to join issue on the traverse, and the circuit court erred in not sustaining appellant's motion for peremptory instructions, and overruling his motion for judgment non obstante. (Civil Code, sections 114, 115, 386; L. & N. R. R. Co. v. Paynter's Admx, 26 Ky. Law Rep., 761; L. & N. R. R. Co. v. Cophas, 95 Ky., 460; Gore v. Illinois Central R. R. Co., 17 Ky. Law Rep. 799.)

ISAAC T. WOODSON for appellee.

### PROPOSITIONS AND AUTHORITIES.

1. When a tenant holding under a lease pays all the rent due at time of payment, and also pays rent in advance as a settlement of forcible detainer procedings, and remains in the occupation of the leased premises without making a new contract of lease, the landlord waives the forfeiture and the tenant holds under the terms of the lease as if no forfeiture had occurred. (Wilson

v. Jones & Tapp, 1 Bush., 173; Taylor on Landlord and Tenant,· Vol. 2, paragraph 512; Taylor on Landlord and Tenant, Vol. 2, section 485, and footnote; Tuttle v. Bean, 13 Met., 273; Supple v. Timothy, 124 Pa. St., 375; Sanders v. Pope, 12 Vesey, 289; Croft v. Lamley, 5 Ellis & Blackburn, Eng. Com. Law Reports; Taylor on Landlord and Tenant, Vol. 2, paragraph 507; Robinson v. Cheney, 17 Neb., 68; Hurst v. Thompson, 73 Ala., 158; Pomeroy Eq. Juris.; paragraph 450; Pomeroy Eq. Juris., section 453; Wilson v. Hunt's Admr., 6 B. M., 279; Chitty Pl., Vol. 1, 319.)

2. A motion of a defendant for judgment non obstante verdicto comes too late after judgment has been rendered and after motion and grounds for a new trial has been filed. The court is not authorized to reverse a judgment for an alleged error which has been waived; nor for any error which does not affect the sub- · stantial rights of the party complaining. (Civil Code, sections 465-134; Jones v. Skiles, 1 A. K. Marshall, 39; Dibble v. Porter, 1 Duvall, 181; Taylor v. L. & N. R. R., 92 Ky., 55; L. & N. R. R. v. Copas, 95 Ky., 462; Schieble v. Hart, 11 Ky. Law Rep., 607; Freeman on Judgments, section 7, and sub-section 4.)

OPINION OF THE COURT BY JUDGE PAYNTER—Affirming.

On October 1, 1901, appellee rented to the appellant a two-story brick house on Fifth street in the city of Louisville from October 25, 1901, to March 25, 1902, with the privilege of keeping the property until September 1, 1902. The rent was $20 a month, payable at the end of each month. The lease was in writing. The appellant continued to hold the property under the terms of the lease until July 14, 1902. The lease contained a provision. to the effect that if the rent was not paid according to the terms of the lease, the lessor had the right to treat it as forfeited, and recover possession of the premises. The appellant did not pay the rent for some months, when on July 14, 1902, the appellee obtained a writ of forcible detainer for the recovery of the possession of the property, and a trial was had on July 18, 1902, and

a judgment of eviction was entered against the appellant. He traversed the inquisition, and thus stayed the enforcement of the judgment of eviction. The traverse was to be tried on December 11, 1902. On December 10, 1902, the day before it was set for trial, appellant paid appellee $160, which paid the past due rent and rent of the premises until December 25, 1902, and as part of this arrangement the parties agreed that the traverse was to be dismissed, which was done. After the time the money was paid the appellant continued to live in the property without paying rent until January 27, 1903, when without giving appellant notice to surrender possession of the property, the appellee instituted another proceeding of forcible detainer to recover possession of the property. A trial of it.resulted in a judgment of eviction. The appellant traversed the inquisition, and on a trial in the circuit court under a peremptory insruction of the court, the jury returned a verdict sustaining the inquisition.

It is insisted for appellant that the judgment of eviction in July, 1902, terminated. the tenancy existing, and severed the relation of landlord and tenant between the parties, and that the lease became merged in the judgment of eviction, and that thereafter he was a tenant by sufferance, and that under the statute the appellee was required to give him 30 days' notice to vacate the premises before the right accrued to institute a forcible detainer proceeding. The parties did not in express terms agree that the lease should remain in force and the judgment of eviction should be rendered ineffectual; still the payment by the appellant of past due rents and rent to accrue to December 25, 1902, and by the agreement

Marshall v. Davis.

of the parties that the traverse was to be dismissed, the parties in effect agreed that the judgment of eviction was set aside and no longer in force and the appellant continued to hold the premises under the lease. Her right to have the judgment executed ceased, and by the acceptance of the rent to December 25, 1902, she waived the forfeiture of the lease.

The seventh clause of the lease reads as follows: "Should the lessee continue to occupy the premises after the expiration of said term, or after a forfeiture incurred, whether with or against the consent of the lessor, such tenancy will be in accordance with the terms of this lease, and in no event from year to year." By this provision it is expressly agreed between the parties that after the expiration of the lease or after a forfeiture incurred, whether with or against the consent of the lessor, the tenancy is to continue in accordance with the terms of the lease. The parties by the lease determined the relation of landlord and tenant should exist after a forfeiture of the lease. As the lease continued in force after the settlement in December, it was not necessary for the appellee to give the appellant notice to vacate the property before instituting the forcible detainer proceeding. It is contended that because the appellee did not join issue on the traverse that the court should have sustained appellant's motion to render judgment for him notwithstanding the verdict. As the motion was not made until after a judgment had been rendered and the motion and grounds for a new trial had been entered, it came too late. The court properly overruled the motion. Schieble v. Hart, 12 S. W. 628, 11 Ky. Law Rep. 607; section 7 of Freeman on Judgments.

The judgment is affirmed.

Petition by appellant for rehearing overruled.