(No. 14682.—Judgment affirmed.)
ISAAC GOLDBERG, Appellant, *vs.* WILLIAM M. PEARL,
Appellee.

*Opinion filed February 21, 1923.*

1. LEASES—*when tenant cannot be ejected for non-use of premises after renewal of a lease.* Although a lease provides that the premises are "to be used and occupied as a family theatre, for the presentation of wholesome, moral attractions, including moving picture exhibitions, and not otherwise," a renewal of the lease by the exercise of an option does not bind the lessee to keep the building continuously occupied, where the lessor for the latter portion of the first term accepted rent while the building was closed and on renewal agreed to let the tenant have the theatre for another term, making the payment of rent the only condition.

2. SAME—*doubtful provision will be construed against lessor.* A contract which contains ambiguous words or words of doubtful construction is to be construed most strongly against the party who executed the contract, and all grants, deeds and leases are most strongly construed against the grantor or lessor if there is any doubt or uncertainty as to the meaning of the grant or lease.

3. FORCIBLE DETAINER—*when lessor waives right to bring suit for possession.* A lessor waives any right to bring suit of forcible detainer against his tenant on the ground that he has allowed the premises to remain idle contrary to provisions of the lease, where he has accepted the rent for the entire month in which the suit for possession is brought.

APPEAL from the Appellate Court for the Second District;—heard in that court on appeal from the County Court of Lake county; the Hon. PERRY L. PERSONS, Judge, presiding.

RALPH J. DADY, and EUGENE M. RUNYARD, for appellant.

COOKE, POPE & POPE, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

On May 26, 1921, appellant, Isaac Goldberg, began suit in forcible entry and detainer against appellee, William M. Pearl, in the county court of Lake county, to recover pos-

session of a theatre building and the premises upon which it was situated, in Highland Park.  A plea of not guilty was filed by appellee, and upon the hearing before the court without a jury judgment was rendered for Goldberg.  On appeal to the Appellate Court for the Second District the judgment was reversed without remanding the cause.  The Appellate Court granted a certificate of importance and an appeal to this court.

There is no controversy as to the facts, which were stipulated by the parties.  They are the following: On July 21, 1913, appellant leased the premises to appellee from October 1, 1913, to September 30, 1918, at a rental of $100 per month.  Appellee paid appellant under the terms of the lease $1000, which was to be retained by appellant until the last ten months of the lease as security for the performance by appellee of the contract and was to be then applied as rent for the remaining period of the lease.  Appellant was to pay five per cent interest on said deposit, and in case appellee neglected or refused to comply with any terms or conditions of the lease and continued so to do after sixty days' notice in writing, appellant might then apply the deposit in liquidation of damages sustained because of such breach.  On July 23, 1913, two days after the lease was entered into, the parties entered into an additional agreement, by which the building was to be enlarged and the rent increased to $150 per month.  This lease contained the following provision: "Said building to be used and occupied as a family theater, for the presentation of wholesome, moral attractions, including moving picture exhibitions, and not otherwise."  On October 1, 1913, appellee entered into possession of the building and used it as a theater from that time until July 21, 1917.  On that date he closed the building and has not used the premises, or any part thereof, as a family theater since but has kept the doors of the same locked, and appellant has at all times been aware of that fact.  By the terms of the lease appellee

was to have the option of renewing the lease provided he exercised his option on or before March 30, 1918. On August 22, 1918, after appellee had exercised his option according to the terms of the lease, appellant wrote appellee a letter in which he said: "You can have my theatre for five years more as long as you pay me $150 per month, and I fix the doors when you want to open my theater again." On January 15, 1920, and February 1, 1920, appellee notified appellant to fix the doors to the theater building, as he wanted to open the theater and display wholesome moving pictures therein, and appellant replied after each notice that he would fix the doors, but he did not do so or make any attempt to fix them. Appellee paid his rent promptly, and appellant continued to accept it without any objection up to and including the month of September, 1920. On September 29, 1920, appellant served notice on appellee that because of his failure to occupy the building as a family theater he would declare the lease terminated unless appellee used it as a family theater, according to the terms of the lease, on or before November 20, 1920, and on December 23, 1920, he served notice upon him for immediate possession. Appellant accepted the rent for October and November, but on December 1, 1920, he refused to accept payment of the rent for that month when tendered to him. Appellee deposited the rent for that month in the Highland Park State Bank to the order of appellant. On December 24, 1920, appellant commenced an action of forcible entry and detainer against appellee in the county court of Lake county. During the pendency of the suit appellee continued to tender the rent as it became due and deposited it in the bank subject to appellant's order. On March 2, 1921, appellant dismissed his suit and accepted all rents then due. Two days afterward, and also on March 10, 1921, he notified appellee to comply with the provisions of the lease on or before May 9, 1921, by using and occupying the theater as a family theater for the presenta-

tion of wholesome, moral attractions, including moving
pictures, and not otherwise, and that unless he did so he
would at once declare the lease terminated and demand im-
mediate possession. Appellant accepted the rent for March,
April and May, 1921, and on May 10, 1921, he served
appellee with notice in writing to deliver possession within
ten days for failure to comply with the lease, and on May
21, 1921, he served a written demand on appellee for im-
mediate possession. Appellant has retained the $1000 paid
him by the terms of the lease and has not paid or tendered
back to appellee any part thereof. On May 26, 1921, this
suit was begun. Appellee has continued to tender the rent
and has kept his tender good by depositing the same to
appellant's order.

We are asked by appellant to construe as a continuing
covenant the provisions of this lease to the effect that the
building is to be used and occupied as a family theater for
the presentation of wholesome, moral attractions, including
moving picture exhibitions, and not otherwise, and that its
conditions are broken unless the building is continuously
occupied as a theater for said purposes. Under the stipu-
lations it has not been used for any other purpose but was
used for a time as a theater in accordance with the terms
of the lease. There was no objection on the part of appel-
lant during this time that the theater was remaining idle,
and during the time that it remained idle appellant ex-
pressly agreed that appellee might have the theater for five
years, "as long as you pay me $150 a month." The im-
portant thing that appellant emphasized in giving his assent
to the new contract was the payment of rent. He did not
even mention the fact that the premises had been idle, and
he did not do so for considerable time after his assent to
continue the lease for another five years. If it was import-
ant to appellant that the building be continuously occupied
and not remain idle at all he should have used apt words
in his lease to express that fact. The rule of law is that

a contract which contains ambiguous words or words of doubtful construction is to be construed most strongly against the party who executed the contract, and that all grants, deeds and leases shall be most strongly construed against the grantor if there be any doubt or uncertainty as to the meaning of the grant. *Massie* v. *Belford,* 68 Ill. 290.

A close examination of the clause in question seems to show that the main object of this covenant on the part of appellant was that his building should be used and occupied as a family theater and that there should be no presentation therein that could not be classed as a wholesome, moral attraction, and that such attraction would include moving picture exhibitions. The occupation of the building for any other purpose than a theater would be a violation of the covenant, and the presentation of any attraction that was not wholesome and moral would also be a violation of the covenant. But there is no definite idea expressed in this covenant that the building should be used all the time for such purpose without a break. The interpretation that the parties have put on this contract by their actions is not to the effect that such is the meaning of the contract, and we are not disposed to hold that the contract must be construed with the strictness insisted on by appellant. But we need not go into the question whether or not the building was idle for an unreasonble time or purposely kept idle and closed, because if the contract should be interpreted according to appellant's contention he would not then have any right to recover possession in this case. The suit for possession was brought on May 26, 1921, and after appellant had accepted the rent for the whole of that month. By this action appellant waived all right to maintain suit for a forfeiture for all past acts. Appellee was in possession and entitled to possession during the whole of the month of May by his payment of rent for that month. Appellant was not entitled to possession when he brought his suit, as he had waived his right, by accepting rent, to declare a

forfeiture. He was in default on his own covenant to fix the doors of the building. What was the matter with the doors does not appear from the evidence, but we may assume that appellant is in default in this matter under the stipulation.

Appellant failed to prove his cause of action against appellee, and the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*