NORA B. SNYDER, APPELLEE, V. CHARLIE L. HILL ET AL., APPELLANTS, IMPLEADED WITH J. A. MORRIS WHOSE REAL AND TRUE NAME IS JAMES ALFRED MORRIS, APPELLEE.

45 N. W. 2d 757

Filed February 2, 1951. No. 32877.

*S. S. Diedrichs, W. C. Heelan,* and *G. A. Farman,* for appellants.

*James C. Quigley, Lynn E. Heth, William B. Quigley,* and *Frederick M. Deutsch,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action in ejectment by Nora B. Snyder, plaintiff and appellee, against Charlie L. Hill and Harold E. Hill, defendants and appellants. The cause was submitted to a jury. The jury returned a verdict in favor of the plaintiff. Judgment was duly entered on the verdict. From this verdict and judgment the defendants have appealed. J. A. Morris was also a defendant in the district court but is not before this court on appeal. He will therefore not be treated in this opinion as a party to the action.

After the appeal was perfected and before hearing in this court the defendants filed a motion for dismissal of the action. The ground of the motion was that since the trial and judgment in the district court the plaintiff had by her acts waived the right which she asserted in the district court and the right to prevail in the action and to have her judgment affirmed in this court.

It therefore becomes necessary to make an adjudication upon this motion before consideration of the merits of the appeal, if such consideration becomes necessary.

The pertinent facts are that plaintiff was the owner of certain lands a portion of which was in Cherry County and a portion of which was in Brown County, Nebraska. In February 1946 plaintiff leased this land to the defendants who are her sons. The stipulated annual rental was $500 a year. The defendants were required to pay the taxes on the land. The lease contained a provision against subleasing.

By her petition plaintiff contended that the lease had

been forfeited by failure to pay the 1947 taxes and by subleasing a part of the land.

The contention of the plaintiff was sustained by the verdict and judgment. The judgment was in ejectment. The judgment was superseded. By the appeal the defendants sought a reversal of this judgment.

The annual rental period of the lease is from May 1 to May 1 of the succeeding year. The payment date is November 1 of each year. The cause was tried and the verdict returned on December 1, 1949, and judgment was entered thereon. On October 30, 1950, on behalf of defendants a check was sent to plaintiff with an accompanying letter. The letter stated that this was for $500 in payment of rent which was due November 1, 1950, under the lease. The check bore the notation "For rent for 1950." This check appears to have been endorsed and cashed by plaintiff on November 4, 1950.

The factual showing in this respect made to this court is by verified motion of defendants to dismiss the action and by admission on the part of plaintiff that she received, endorsed, and cashed the check, appearing in an affidavit filed herein.

It should be noted that no objection is made to the procedural method of calling the attention of this court to the questions involved in the motion to dismiss.

The defendants contend that by acceptance of the $500 rental for the year beginning May 1, 1950, and ending May 1, 1951, the plaintiff has waived any prior forfeiture of the lease on the part of the defendants and has waived the right to maintain this action for the purposes for which it was instituted.

The general rule applicable is that when there is an occurrence which gives a lessor a right of forfeiture the lessor has an option to declare the lease at an end or to overlook the breach and allow the lease to remain in full force and effect, and if after notice of breach he accepts rent which accrues after breach such acceptance of rent constitutes a waiver of the right to forfeit the

lease. Woollard v. Schaffer Stores Co., 272 N. Y. 304, 5 N. E. 2d 829, 109 A. L. R. 1262; Annotation, 109 A. L. R. 1269.

In the case at bar there can be no question that plaintiff had notice of the claimed forfeiture. Her action and the judgment she had obtained were predicated upon that knowledge as is clearly apparent.

In some jurisdictions, the decisions of which will not be set forth here, the rule is limited to forfeitures for nonpayment of rent, and in others it applies to any character of breach which would entitle the lessor to declare a forfeiture for breach of condition contained in the lease. This court is apparently committed to the proposition that it applies to any character of breach.

The case of Stover v. Hazelbaker, 42 Neb. 393, 60 N. W. 597, was one wherein the right to recover in an action for forcible detention on the ground that the defendant had forfeited his lease by nonpayment of rent was presented. The action was defended on the ground that the forfeiture had been waived by acceptance of rent. This court sustained the contention of the defendant in this respect.

In that case the claimed forfeiture was for nonpayment of rent and the waiver was on account of accepting it. This court however did not limit its conclusion to that narrow ground. It based its conclusion on the broad ground comprehended by the general rule as it has been stated herein. The following from the opinion makes this point clear: "Gomber v. Hackett, 6 Wis., 323, is a case very much like the one at bar. The action was forcible detainer brought before a justice of the peace. The basis of the action was that the lessee, contrary to the terms of the lease, had cut some timber on the leased premises. The case was tried before a justice of the peace, and a judgment rendered in favor of the landlord. An appeal was then taken to the county court, and on a trial there the lessee proved that since the cutting of the timber by him he had paid to the landlord a year's rent

of the leased premises, which by the terms of the lease became due subsequent to the time that he had cut the timber, which act was made the basis of the forcible detainer suit. The county court, however, decided that the acceptance of this rent by the landlord was not a defense, and a judgment of restitution was again rendered in favor of the landlord. The tenant then took the case on error to the supreme court of Wisconsin. Cole, justice, delivering the opinion of that court, said: 'By this act (the acceptance of rent by the landlord from the tenant which accrued by the terms of the lease after the cutting of timber by the tenant) the landlord recognized the lease as a subsisting, operative contract; and he ought not, therefore, to be permitted further to insist upon the forfeiture, if there had been one. It was optional with him to consider the estate forfeited for condition broken, and proceed to recover possession, or to waive the forfeiture and consider the lease valid. He has made his election and must abide by it. It would be very inequitable and unjust to permit the landlord to recover possession of the premises when he had already received from his tenant the rent for the use of the same to March, 1858;' and the judgment of the district court was reversed."

Cases from other jurisdictions adhering to the general rule are: Goldberg v. Pearl, 306 Ill. 436, 138 N. E. 141; Marshall v. Davis, 122 Ky. 413, 91 S. W. 714; Johnson v. Electric Park Amusement Co., 150 Iowa 717, 130 N. W. 807; Stoddard v. Gallagher, 133 Mich. 374, 94 N. W. 1051.

As to whether or not acceptance of rent after action to enforce a forfeiture has been commenced waives a breach there is divided opinion in different jurisdictions. In a number of jurisdictions the courts have held that rent eo nomine received after action for forfeiture for breach has been instituted waives the forfeiture just the same as if the rent had been received before commencement of action. Gomber v. Hackett, 6 Wis. 323, 70 Am. Dec. 467; Klein v. Journal Square Bank Bldg. Co., 110 N.

J. Eq. 607, 160 A. 812; Jones v. Maria, 48 Cal. App. 171, 191 P. 943.

The rule of these cases appears to be sound. The breach relied upon in the action commenced is the one existing before action. The breach gave rise to a right which right was no greater after than before commencement of action. Nothing was added by commencement of action except expressed intention in a particular form to declare a forfeiture. In such an action it appears reasonable to say that a plaintiff must recover upon the right of forfeiture that existed when the action was commenced which right could be waived by conduct inconsistent with its exercise, without regard to whether the inconsistent conduct took place before or after commencement of action.

The position of this court in relation to the converse of the proposition presented here is well established. In well-reasoned cases this court has said that a party may not accept the benefits of a judgment or decree and after doing so appeal therefrom. If he does so the appeal will be dismissed on application to this court. Harte v. Castetter, 38 Neb. 571, 57 N. W. 381; Thurston v. Travelers Ins. Co., 128 Neb. 141, 258 N. W. 66; Larabee v. Larabee, 128 Neb. 560, 259 N. W. 520.

By a parity of reasoning it appears that one who has obtained a judgment or decree favorable to him should not after appeal has been taken therefrom by the opposing party be permitted to take a position inconsistent with the judgment or decree without a waiver of the right which was the basis of the judgment or decree.

It is the conclusion of this court that the acceptance of rent by the plaintiff was inconsistent with her right to maintain this action in ejectment on appeal. The motion to dismiss is sustained and the action is dismissed.

MOTION TO DISMISS SUSTAINED.

CHAPPELL, J., participating on briefs.