EINOT, INC., APPELLEE, v. EINOT SALES CO., INC., APPELLANT.

49 N. W. 2d 625

Filed November 2, 1951. No. 33004.

*Richards, Yost & Schafersman,* for appellant.

*Sidner, Lee & Gunderson,* and *Spear, Lamme & Flory,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

YEAGER, J.

This is an action in equity by Einot, Inc., a corporation,

plaintiff and appellee, against Einot Sales Co., Inc., a corporation, John E. Bodell, and Kathryn M. Bodell, defendants, to enjoin the defendants from manufacturing, packaging, selling, distributing, shipping, and in any way dealing in or with the product known as Einot. The case was tried to the court and at the conclusion of the trial a decree was entered against the Einot Sales Co., Inc., as prayed. By stipulation of the parties on the trial the defendants Bodell were removed as parties defendant and the case comes here with Einot Sales Co., Inc., the only defendant and the appellant.

The factual background of this case is that on November 8, 1949, plaintiff and defendant entered into a contract relating to the sale of a cold wave hair preparation known as "Einot." This contract was not made a part of the record in this case. On May 26, 1950, the parties entered into a new contract. By recital in the new contract it was provided, among other provisions, that the defendant should pay to plaintiff on July 26, 1950, $617.70 consisting of royalties due under the contract of November 8, 1949. It provided that if this amount should not be paid on that date the contract should be null and void. A further and separate provision was that the defendant agreed to pay plaintiff $200 a month for the period beginning January 1, 1950, and ending June 1, 1950. The total of this was payable on July 26, 1950. For failure to pay this total at the time specified it was provided that the contract should be null and void. A further separate provision of the contract provided that if the payments provided by the contract were not made or if any other provision was not complied with the contract should be null and void at the option of the party of the first part, the plaintiff herein. The contract provided for payments of $200 a month after June 1, 1950, and the balance of that year, payable the 15th of each month.

It conclusively appears that the $617.70 was not paid by July 26, 1950. In fact it never was paid directly to

plaintiff. By July 26, 1950, according to defendant's evidence, the defendant had paid on the monthly provisions of the contract $1,150. On July 29, 1950, an additional $100 was paid.

On August 9, 1950, the plaintiff had served on the defendant a notice declaring the contract null and void on account of defaults.

On August 11, 1950, this action was filed to enjoin further operation by this defendant under the contract, and as already indicated after trial an injunctive decree was entered.

In defense of the action on the trial, among other defenses, the defendant urged, and as grounds for reversal here it urges, that the plaintiff waived the right to declare the contract according to its terms null and void.

There can be little doubt on the record that up to the time this action was instituted the plaintiff had the right to terminate the contract and declare it at an end. It had done nothing to waive any of its terms. Any contention to the contrary is not supported by the record. The contract in clear and unmistakable terms extended to it that right. As to the force and effect of words such as are employed in the contract here this court said in Jewett v. Black, 60 Neb. 173, 82 N. W. 375: "If they have clearly indicated their purpose that the contract shall be void if not performed within the prescribed time, that is sufficient. It is the business of the courts to enforce agreements actually made and not to make new ones, or relieve parties from obligations which they have deliberately assumed." See, also, Dodge v. Galusha, 151 Neb. 753, 39 N. W. 2d 539.

The defendant urges that after the service of notice of forfeiture and commencement of action the right of forfeiture was waived by the plaintiff. It says that the plaintiff waived the forfeiture by accepting the benefits of the contract after the right of forfeiture accrued

and after notice of forfeiture and the commencement of this action.

Without question the plaintiff did so accept benefits of the contract. The pertinent obligations of the contract have already been pointed out. On the two parts of the obligation of the contract whereon the defendant was required to make payment by July 26, 1950, the total amount was $1,617.70. By July 26, 1950, the defendant had paid a total of $1,150. To what item or items the payments were attributed at the time is not made known by the record, however by subsequent action it becomes clear that the defendant attributed them to be monthly payments. By this time two monthly payments payable after June 1, 1950, had become due. On July 29, 1950, defendant paid an additional $100. This with the monthly payments which came due on June 15, 1950, and July 15, 1950, left due and owing from defendant to plaintiff on the date of notice and date of the commencement of action $150 on monthly payments plus $617.70 or a total of $767.70.

After the commencement of the action and on August 14, 1950, the defendant paid into court for the benefit of the plaintiff $817.70. This was to be in payment of $617.70 and one monthly payment. In addition to this the defendant, in August, September, and October, 1950, sent certified checks to plaintiff each in the amount of $200. These checks have never been returned or declined. On November 15, 1950, the defendant deposited with the court for the benefit of plaintiff $200.

On December 2, 1950, the decree in this case was entered. On December 30, 1950, motion for new trial herein was overruled. On January 22, 1951, the notice of appeal herein was filed. On January 3, 1951, attorneys for plaintiff received for and on behalf of plaintiff the $1,017.70 which had been paid into court for the benefit of plaintiff.

The question of whether or not the acceptance of benefits which had accrued before the right of for-

feiture amounted to a waiver of the right to declare a forfeiture we do not need to and do not decide. It only becomes necessary to determine whether or not the acceptance of benefits accruing under the contract after declaration of forfeiture waived the right to claim a forfeiture under the declaration.

The defendant to support its contention that this does amount to a waiver has cited Abbas v. Demont, 152 Neb. 77, 40 N. W. 2d 265, and Snyder v. Hill, 153 Neb. 721, 45 N. W. 2d 757.

In Abbas v. Demont, *supra,* it was said: "Where there are conditions in a contract for the sale of real estate, making time the essence of the contract and providing for a forfeiture in case of default, the acceptance of part payment on the contract is a waiver of the conditions as to all defaults then existing."

In Snyder v. Hill, *supra,* this court said: "The acceptance of rent after breach waives the forfeiture whether before or after action is commenced to enforce a forfeiture."

This latter case is one involving payments under a lease and the plaintiff insists that the rule has no application to a case such as this one. This insistence is without basis. The rule has application to contracts generally.

In Truemper v. Thane Lumber Co., 154 Ark. 524, 242 S. W. 823, it was said: "The money was accepted with full knowledge of all the facts, and this calls for an application of the well-known rule that where a party to a contract, with knowledge of a breach by the other party, receives money in the performance of the contract, he will be held to have waived such breach."

In Brennan v. National Equitable Investment Co., Inc., 247 N. Y. 486, 160 N. E. 924, it was said: "The rule is thoroughly established that an assertion of a rescission is nullified by the subsequent acceptance of benefits growing out of a contract claimed to have been rescinded." See, also, North American Dredging Co. v.

Outer Harbor Dock & Wharf Co., 178 Cal. 406, 173 P. 756; Annotation, 9 A. L. R. 996; Snowball v. Maney Bros. & Co., 39 Wyo. 84, 270 P. 167, 61 A. L. R. 199; Annotation, 173 A. L. R. 308; 12 Am. Jur., Contracts, § 449, p. 1030; 17 C. J. S., Contracts, § 443, p. 926.

It therefore becomes clear that by its conduct the plaintiff waived its right to forfeit the contract herein under consideration and that by reason thereof it was not entitled to the injunction granted by the decree.

The decree is accordingly reversed and the cause remanded with directions to the district court to dismiss the action.

REVERSED AND REMANDED WITH DIRECTIONS.