CHARLES A. BARBER, APPELLANT, v.
BONNIE M. RAICHART, APPELLEE.

298 N.W.2d 359

Filed November 7, 1980. No. 43002.

Keith Sinor for appellant.

James D. Owens of Owens & Owens for appellee.

Heard before BOSLAUGH and WHITE, JJ., and COLWELL, RIST, and HOWARD, District Judges.

HOWARD, District Judge.

Plaintiff appeals from an order dismissing his action in ejectment at the close of his case, the trial judge ruling as a matter of law that plaintiff, by accepting rental payments after notice of forfeiture of the lease for their delinquency, had waived the breach.

The lease was for 1 year, commencing January 15, 1977, and contained an option to purchase to be exercised upon written notice to lessor at least 30 days

before termination. Monthly payments of $250 became delinquent to the extent of $1,000, and on November 11, 1977, appellant delivered a notice to quit to the appellee. On December 9, 1977, appellee mailed to appellant a cashier's check for $1,000, together with notice of exercise of the option. The appellant retained the check and finally deposited it in May 1978. On January 13, 1978, the action in ejectment was filed. Beginning in January of 1978, and at least until the time of trial, appellee sent to appellant, who accepted them, checks at a monthly rate of $310. The option to purchase provided that "[t]he rental payment of $250.00 shall apply to the purchase price of $20,000.00, in the amount that is equal to interest that would have been paid by the said Lessee if they had purchased the building at the signing of the lease," and, also, that the balance of the purchase price should be paid at the monthly rate of $305.70 including interest at 9 percent. The discrepancy between the figures $310 and $305.70 is not accounted for in the record.

It was stipulated in the lease that a default in any of the rentals for a period of more than 30 days "shall stand as a substantial breach of this contract, and the said Lessors shall have the right to immediate possession of the premises." The lease further provided that the "Lessee, upon the exercise of the option contained herein, shall either mortgage the premises back to the Lessors, or at the option of the Lessor the abstract, the warranty deed, and the contract for sale shall be placed in escrow . . ." with the usual instructions.

Appellant argues that at the time he served the notice to quit, the lease had been breached because of default in payment of rent and that the lease thus being terminated, the option to purchase was terminated and that appellee is merely holding over after the expiration of the lease. But it was held in *Einot, Inc. v. Einot Sales Co., Inc.*, 154 Neb. 760, 764, 49 N.W.2d 625, 627 (1951), "[T]hat where a party to a contract, with

knowledge of a breach by the other party, receives money in the performance of the contract, he will be held to have waived such breach." Applying the rule to the landlord-tenant area, where the lessor refuses to allow a lessee to exercise an option to purchase due to lessee's breach of a provision in the lease, this court, in *Randall v. Erdman*, 194 Neb. 390, 231 N.W.2d 689 (1975), approved and enforced the general rule stated in Annot., 53 A.L.R.3d 435 (1973): "Accordingly, the courts have generally held that the acceptance of rent after the lessee's breach or default in the terms of the lease constituted a waiver of the default so as to entitle the lessee to enforce the option to purchase." We conclude that the option was effectively exercised and that, thereupon, the relationship of landlord and tenant ceased and that of vendor and purchaser arose. *Panhandle Rehabilitation Center, Inc. v. Larson*, 205 Neb. 605, 288 N.W.2d 743 (1980); *Mauzy v. Elliott*, 146 Neb. 865, 22 N.W.2d 142 (1946).

Appellant contends, without the citation of any authority, that he did not "accept" the $1,000 cashier's check before filing the action, not having deposited it in his account until May of the following year, and that, accordingly, there was no waiver before the action was filed. While it is a sufficient answer to this contention that the deposit of the check related back to its receipt, it is generally held that the landlord's lengthy retention of a rent check in similar circumstances, even if never cashed or deposited, effects the waiver. *English v. McDowall*, 82 S.C. 282, 64 S.E. 390 (1908); *Plowden v. Hall*, 55 Ga. App. 321, 190 S.E. 37 (1937); *Gay v. American Oil Company*, 115 Ga. App. 18, 153 S.E.2d 612 (1967); *Borst v. Ruff*, 137 Conn. 359, 77 A.2d 343 (1950); *220 West 42 Associates v. Cohen*, 60 Misc. 2d 983, 302 N.Y.S.2d 494 (1969). Moreover, even if the cashier's check is deemed to be accepted only in May 1978, while this action was pending, the acceptance waived the forfeiture under Nebraska law. *Stover v. Hazelbaker*, 42 Neb. 393, 60

N.W. 597 (1894); *Snyder v. Hill*, 153 Neb. 721, 45 N.W.2d 757 (1951).

The judgment of the District Court should be, and is affirmed.

AFFIRMED.