STEPHEN M. WATSON, APPELLEE, V. ARCADIAN FOODS, INC.,
DOING BUSINESS AS THEO'S RESTAURANT, APPELLANT, AND FIRST
NATIONAL BANK OF BELLEVUE, APPELLEE.

447 N.W.2d 477

Filed October 27, 1989.   No. 87-149.

Frank Meares for appellant.

Tamra Wilson Setser, of Erickson & Sederstrom, P.C., for appellee Watson.

HASTINGS, C.J., CAPORALE, and GRANT, JJ., and MORAN and BROWER, D. JJ.

BROWER, D.J.

This is an appeal from the district court for Douglas County, wherein restitution of premises was granted to the plaintiff landowner, Stephen M. Watson, against the defendants, Arcadian Foods, Inc., doing business as Theo's Restaurant (Theo's), and the First National Bank of Bellevue (Bank).

On September 20, 1984, Theo's entered into a lease agreement with Watson for a commercial building for a term ending January 31, 1997, unless sooner terminated. Monthly payments of $3,096.25 were to be made by Theo's. On January 9, 1985, Theo's assigned its rights under the lease to the Bank as collateral for a loan. The assignment, made with Watson's consent, specifically provided that the borrower lessee, Theo's, and the lessor, Watson, would not, alone or by agreement between them, modify or terminate the lease without the

consent of the Bank, except through default as provided in the lease. The assignment further provided that in the event Theo's defaulted, Watson had the right to terminate the tenancy in accordance with the terms of the lease. Watson agreed to provide the Bank with 30 days' written notice of such default, and the Bank, during such period, had a right to cure the default. During the 30-day period, Watson would take no action to enforce his claim arising from the default without the consent of the Bank.

Theo's failed to pay the rental installment due June 1, 1986, and on June 9 notice was given by Watson granting Theo's 10 days to cure the default as provided in the lease. Theo's issued a check to Watson for the June rent on June 15, which check was returned for insufficient funds. Watson gave a second notice to Theo's on July 10, granting Theo's 10 days to cure the default. On August 12, a 3-day notice was given by Watson to quit, vacate, and yield possession. Watson filed suit for forcible entry and detainer of property on August 29.

A trial was scheduled for October 23, 1986, but instead, an agreement and stipulation was entered into by the parties, whereby certain payments were made to Watson and the future rents were increased by $1,000 per month in order to clear up the unpaid back rent. The agreement provided that when final payment of back rents was received by Watson, the pending action for restitution would be dismissed. It was stipulated that this was an addendum to the lease and was not a waiver of any of the terms and conditions of the lease, and it provided that Watson could immediately institute proceedings for restitution upon Theo's failure to pay rents when due.

Theo's failed to pay rent for the month of November. On December 1, notice was given to Theo's to vacate for failure to pay rent.

Watson filed a second amended petition in the still pending restitution action, joining the Bank and alleging notice had been served on the Bank on December 19. The matter went to trial on January 22, 1987. The Bank appeared at trial, consented to the restitution, and waived its rights under the assignment. The court-ordered restitution of the premises and the trial on the matters of back rent and damages were deferred

to a later time. From the order for restitution, Theo's brings this appeal. We affirm.

Theo's assigns as error the court's failure (1) to dismiss the action, (2) to find that Watson waived any right under the forcible entry and detainer statute, and (3) to find Watson assigned his interest in the lease to the Bank and was without authority to proceed.

Theo's first assignment of error goes to the trial court's failure to sustain the motion to dismiss, which had been coupled with a request for continuance. Theo's does not assign any error concerning the refusal to continue the hearing.

Watson's action was a summary proceeding under Neb. Rev. Stat. §§ 24-568 et seq. (Reissue 1985), wherein a determination is made as to the right to possession of real estate and the method by which that possession may be restored. This court has held that the right to possession of real estate is determined in an action for forcible entry and detainer. *Towles v. Hamilton*, 94 Neb. 588, 143 N.W. 935 (1913). The procedure outlined in the statutes sets forth notice requirements, which provide that at least a 3-day notice to quit be given prior to the commencement of the action. Section 24-573 provides that only a summons shall be issued stating the cause of the complaint and setting forth the time and place of trial. The statutory proceedings are designed to provide a speedy and summary method for obtaining possession of premises for those rightfully entitled thereto after notice. *Sporer v. Herlik*, 158 Neb. 644, 64 N.W.2d 342 (1954).

The record shows Theo's received the statutory notice and filed an answer to the petition. Trial on the issue was continued, and on the scheduled trial date, October 23, 1986, a stipulation was entered into creating a method by which Theo's could pay back rents, thus, canceling the hearing. Upon Theo's failure to comply with the agreement, Watson, having retained his right to proceed on his initial action, gave additional notice to Theo's and the Bank, and then filed an amended petition.

The record reflects that Watson complied with the statutory steps and that the trial court was correct in overruling the motion to dismiss.

Theo's second assignment of error claims that by accepting

part of the delinquent rent after the commencement of the action for forcible entry and detainer, Watson waived said action. Theo's cites a number of cases holding that where a party to a contract, with full knowledge of the facts and with knowledge of a breach by the other party, receives money in performance of the contract, the breach will be deemed to have been waived. *Einot, Inc. v. Einot Sales Co., Inc.*, 154 Neb. 760, 49 N.W.2d 625 (1951); *Barber v. Raichart*, 207 Neb. 278, 298 N.W.2d 359 (1980); *Snyder v. Hill*, 153 Neb. 721, 45 N.W.2d 757 (1951).

However, these cases are not controlling in this factual situation. In each case, the party in default paid the total amount due on the delinquency either before or after commencement of the suit for breach of contract. Here, the parties entered into the stipulation wherein Watson specifically retained his right to proceed in his action for forcible entry and detainer if Theo's failed to carry out the lease provisions.

The stipulation entered into by the parties specifically provided the action was to remain on file and be dismissed only when the total delinquency was paid, an event which never occurred. The record also clearly shows that subsequent to the stipulation, Theo's failed to pay rent, was given a second notice, and was still in default for the month of November at the time of trial.

To be effective, a waiver must be a clear, unequivocal, and decisive act of a party showing such a purpose. See *Five Points Bank v. Scoular-Bishop Grain Co.*, 217 Neb. 677, 350 N.W.2d 549 (1984).

Waiver has been defined as a voluntary and intentional relinquishment or abandonment of a known existing legal right, advantage, benefit, claim, or privilege, which except for such waiver the party would have enjoyed; the voluntary abandonment or surrender, by a capable person, of a right known by him to exist, with the intent that such right shall be surrendered and such person forever deprived of its benefits; or such conduct as warrants an inference of the relinquishment of such a right; or the intentional doing of an act inconsistent with claiming it.

*Id.* at 681, 350 N.W.2d at 552.

We find that under the stipulation, Watson retained all of his rights to proceed with the suit on file. At the time the stipulation was entered into, Theo's was still delinquent in the rent payments originally agreed to in the lease. By entering into the stipulation, Watson did not waive any right to proceed in forcible entry and detainer.

Finally, Theo's asserts there was a complete assignment by both Theo's and Watson to the Bank, and Watson had to obtain the consent of the Bank prior to filing an action for forcible entry and detainer. This contention is not correct. Although Watson consented to the assignment, he reserved all of his rights to proceed against Theo's in the event of a default. While Watson agreed to give the Bank notice of Theo's delinquency 30 days prior to commencement of any action to terminate the lease, Watson did not need the Bank's consent to proceed against Theo's.

Theo's also argues that Watson, because of the lease assignment, is not the real party in interest. Neb. Rev. Stat. § 25-301 (Reissue 1985) provides that every action must be prosecuted in the name of the real party in interest. This court has steadfastly held that the statute applies to actions for restitution of real estate. *Gregory v. Pribbeno*, 143 Neb. 379, 9 N.W.2d 485 (1943). Either the lessor or the lessee is a proper party to maintain the action. *Id.*

The Bank was given written notice of the default on December 19, 1986, more than 30 days prior to trial, and took no action to exercise its option to cure the default. The Bank was joined as a party defendant by Watson and appeared at trial, notifying the trial court that it consented to Watson's proceeding with the action to enforce his claim for restitution. Theo's claim that Watson had assigned all of his interest in the lease, and therefore the action was not prosecuted by the real party in interest, is erroneous and without merit.

For the foregoing reasons, the ruling of the trial court is correct and is affirmed.

AFFIRMED.